**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

METROPOLITAN SOLUTIONS GROUP,
INC.,

      *Plaintiff*,

v.

VIVIAN DAMARIS RODRIGUEZ, et al,

      *Defendants*.

                            /

CASE NO.:   4:21-cv-00099-RCY-DEM

## DEFENDANTS PATRICIA MARTINEZ DUARTE AND ILLUSTRA'S MOTION TO TRANSFER VENUE PURSUANT TO 28 USCS § 1404(a)

Defendants Patricia Martinez Duarte ("Duarte"), and Illustra Services, LLC, ("Illustra") a California Limited Liability Company (collectively, "Defendants"), by and through undersigned counsel, file this Motion to Transfer Venue pursuant to 28 USCS § 1404(a).

### I.   INTRODUCTION

Metropolitan Solutions Group, Inc. ("Plaintiff" or "Metropolitan"), claiming to be a Nevada company with offices in California, Virginia, and Washington, inexplicably brings the instant action in the Eastern District of Virginia against four California resident Defendant individuals and one California Limited Liability Company.  Critically, Plaintiff admits that each California resident Defendant was employed by Metropolitan in its San Diego office. Metropolitan's claims stem from the individual Defendants leaving Metropolitan to lawfully compete at a new company located in San Diego, California.  Most, if not all, parties and witnesses are located in San Diego. This case could, and should, be venued in the Southern District of California.  For the convenience of the parties and witnesses, and in the interest of justice, this matter should be transferred to the Southern District of California.

### II.   STATEMENT OF FACTS

Plaintiff does business in San Diego, CA, with an office located at 2403 Hoover Ave, National City, CA 92691.  (Complaint ¶ 14; Declaration of Jessica L. Mulvaney ("Mulvaney

Decl."), Exhibit A.)  Individual Defendant Irma De Romero is a California resident, living in San Diego. (Complaint ¶ 3.)  Illustra was a California Limited Liability Company, with an office located at 973 Wind Cave Place, Chula Vista, CA 91914. (Complaint ¶ 5; Mulvaney Decl. Exhibit B.)  Individual Defendant Patricia Duarte is a resident of Chula Vista, CA.  (Complaint ¶ 4; Declaration of Patricia Duarte ("Duarte Decl.") ¶ 2.)  Individual Defendant Nico Flores is a resident of Temecula, CA.  (Complaint ¶ 7.)  Individual Defendant Nicholas Ray Holladay is a resident of Santee, CA.  (Complaint ¶ 8.)  Individual Defendant Vivian Damaris Rodriguez performed work in San Diego in connection with her employment with Illustra Services, LLC, in November of 2020.  (Complaint ¶ 4; Duarte Decl. ¶ 13.)

Illustra has since been dissolved. (Duarte Decl. ¶ 4.)  While Illustra formerly intended to apply to do business in Virginia, no Virginia Limited Liability Company was ever formed by Illustra.  (*Id.* at ¶ 5.)  Illustra provided OSHA trainings for businesses, individuals, and vendors that work in the Maritime industry.  (*Id.* at ¶ 7.)  At least six of Illustra's clients, three of Illustra;s former employees, and three of Illustra's industry contacts and associations have information and personal knowledge of facts that make them potential witnesses in connection with this action.  (*Id.* at ¶ 9-12.)  Those witnesses have personal knowledge about contact with Illustra, Illustra's marketing practices, the decision to work with Illustra, the Maritime industry in San Diego, and the services Illustra provides in San Diego.  (*Id.*)  Those entities and individuals are located in San Diego, CA.  (*Id.* at ¶ 8-12.)  At least 12 individuals who reside in San Diego County may be called as witnesses in connection with this action due to their personal knowledge of information related to the defenses in this action.  (*Id.* at ¶ 12.)

While the individual Defendants previously worked for Plaintiff, the work of Defendants De Romero, Duarte, Flores, and Holladay was conducted entirely in Plaintiff's San Diego office. (Duarte Decl. ¶ 3.)  Plaintiff's principal, David Spinazzolo spent approximately 60% of the year in San Diego in connection with his work and the relevant times as alleged in the Complaint.  (*Id.*)  Principle Stephen Giannetti also spent approximately 25% of the year located in San Diego, CA, during the relevant times as alleged in the Complaint.  (*Id.*)

### III.  ARGUMENT

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. (28 USCS § 1404(a).) The purpose of Section 1404(a) is "to prevent waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964 (superseded by statute unrelated to this quote).

The decision of whether to transfer an action under section 1401(a) is committed to the sound discretion of the district court. (*In re Ralston Purina Co.*, 726 F.2d 1002, 1005 (4th Cir. 1984).) In applying this statute to the facts at hand, the court must make two inquiries: (1) whether the claims might have been brought in the transferee forum; and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum. (*Koh v. Microtek Int'l, Inc.*, 250 F.Supp.2d 627, 630 (E.D. Va. 2003).)

**A. The Southern District of California is a Proper Venue for the Claims**

In order to demonstrate that an action "might have been brought" in a transferee district, "venue must have been proper in the transferee district and the transferee court must have had power to command jurisdiction over all of the defendants." (*Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3rd Cir. 1970).)

1. <u>The Majority of Events Giving Rise to the Claims Occurred in California</u>

Venue is proper in a civil action in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. . ." (28 USC § 1391(b)(2).) Here, most, if not all, of the alleged events giving rise to Plaintiff's claims occurred in the Southern District of California. Plaintiff's claims arise from the individual Defendants' employment with Plaintiff, during which they are alleged to have learned Plaintiff's proprietary and trade secret information. Importantly, four of the five named individual Defendants worked for Plaintiff <u>exclusively</u> in its San Diego office. (Duarte Decl., ¶ 3.) Moreover, all of Plaintiffs' claims involve the alleged formation of and/or work for a competing company, Illustra, which was located in San Diego and served clients in California. (Duarte Decl., ¶ 4, 7-12.) Illustra's formation, client development,

and marketing took place primarily in San Diego. (*Id.*) Therefore, the Southern District of California is a proper venue for the instant action based on Section 1391(b)(2).

    2. California has Personal Jurisdiction Over All Defendants

A federal court can exercise general personal jurisdiction as to defendants domiciled within the forum. (*Milliken v. Meyer*, 311 U.S. 457, 462-463 (1940).) For an individual defendant, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile." (*Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).) Here, four out of the five individual Defendants reside in California. Therefore, California has personal jurisdiction over Defendants Flores, Holladay, De Romero, and Duarte, based on their residence in California. (Complaint ¶ 3, 4, 7, 8.)

A defendant corporation will be deemed domiciled in states of incorporation and where it has located its principal place of business. (*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).) Here, Illustra was incorporated in California and had its principal place of business in San Diego. (Duarte Decl., ¶ 4.) Therefore, California has personal jurisdiction over Illustra.

Individual Defendant Rodriguez is the only Defendant who is not a resident of California. However, a state can exert personal jurisdiction over a nonresident defendant if the defendant "purposefully established 'minimum contacts' in the forum State." (*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985), quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).) The Supreme Court has found that minimum contacts are established where "the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." (*Burger King*, 471 U.S. at 475.) Here, Rodriguez established substantial contacts with California when she conducted trainings in San Diego for Illustra, her San Diego-based employer at the time. (Duarte Decl., ¶ 13.) In doing so, Rodriguez travelled to San Diego in approximately November of 2020 for purposes of training. (*Id.*) That training trip lasted approximately 5 days. (*Id.*) Rodriguez' work at Illustra included working with clients who were located in San Diego. (*Id.*) Clearly, conducting trainings for her

San Diego-based employer in San Diego was an act by which Rodriguez purposely availed herself of the privilege of conducting activities in California.

As California has personal jurisdiction over all six Defendants, and a substantial portion of the events alleged took place in San Diego, the Southern District of California is a proper venue for Plaintiff's claims.

### B. Transfer is in the Best Interest of Justice and the Convenience of the Parties and Witnesses Justify Transfer

In deciding whether to grant transfer pursuant to § 1404(a), the court "must consider the following four factors: (1) the plaintiff's initial choice of venue; (2) witness convenience and access; (3) the convenience of the parties; and (4) the interest of justice." (*JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 736, 2007 U.S. Dist. LEXIS 26106, *11-12 (E.D. Va. Apr. 2, 2007) (internal quotations and citation omitted).)

1. Plaintiff's Causes of Action Bear Little Relation to the Eastern District of Virginia

The weight a court will give to a plaintiff's choice of venue "varies in proportion to the connection between the forum and the cause of action." (*GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F. Supp.2d 517, 519 (E.D. Va. 1999).)

As discussed above, a substantial portion of the alleged events in the instant case occurred in Southern California. Comparatively, the Eastern District of Virginia has merely a tangential relation to the instant claims. Specifically, Virginia's only ties to the claims are that Plaintiffs have an office located in Virginia and one of the five individual Defendants worked out of that Virginia office. However, the bulk of the events alleged did not occur in Virginia. Critically, the claims focus on a San Diego based business, and the individual Defendants (and California residents) work in connection with that San Diego based business in San Diego. Plaintiff erroneously named Illustra Services – VA, LLC as a Defendant. However, Illustra *in San Diego* never formed an entity under that name or conducted any business in Virginia under the name Illustra Services, LLC. (Duarte Decl., ¶ 4-6.) The forum was clearly chosen as a way to further punish and inconvenience the San Diego based Defendants in this action – not as a function of the relationship

of the forum to the claims. Therefore, this Court should not give any weight to Plaintiff's chosen forum.

    2. <u>The Majority of Witnesses Reside in California</u>

A federal court considering a motion to transfer venue "must consider how convenient and accessible the venue is to the witnesses." (*Agilent Techs., Inc. v. Micromuse, Inc.*, 316 F. Supp. 2d 322, 327-328 (E.D. Va. Apr. 15, 2004).) "Witness convenience is often dispositive in transfer decisions." (*Bd. of Trustees v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1258 (E.D. Va. Dec. 29, 1988).)

Here, all of Defendants' witnesses are located in California. (Duarte Decl. ¶ 8-12.) Illustra worked with individuals and entities in San Diego County, had numerous employees who are residents of San Diego and had numerous independent contractors that are residents of San Diego. (*Id.* at ¶ 8.) At least six of Illustra's clients reside in San Diego County. (*Id.* at ¶ 9.) Illustra clients have information and personal knowledge regarding contact with Illustra, Illustra's marketing practices, and details about how each client came to know of Illustra and their decision to work with Illustra. (*Id.*)

At least three of Illustra's former employees reside in San Diego County. (*Id.* at ¶ 10.) Illustra's former employees have information and personal knowledge regarding Illustra's services in San Diego, Illustra's marketing practices, and client communications. (*Id.*) At least three of Illustra's industry contacts and associations are also located in San Diego County. (*Id.* at ¶ 11.) These associations and contacts have information and personal knowledge about Maritime industry clients in San Diego and the services Illustra provides in San Diego. (*Id.*)

Currently, there are at least 12 individuals who reside in San Diego who may be called as witnesses in connection with this action due to their personal knowledge of information related to Illustra and Ms. Duarte's defenses in this action. (*Id.* at ¶ 12.) For example, Denise Wallace performed work for Metropolitan's San Diego Office and worked directly with Ms. Duarte in her independent contractor capacity. (Declaration of Denise Wallace ("Wallace Decl."), ¶ 3.) Brandon Phillips worked with Metropolitan in San Diego during the relevant time periods. (Declaration of

Brandon Phillips ("Phillips Decl.), ¶ 3.)  Ms. Meza worked for Metropolitan and witnessed three of the individual Defendants work at Metropolitan in San Diego.  (Declaration of Carla Meza ("Meza Decl."), ¶ 3-4.)

Ms. Wallace has knowledge related to how other companies work in the maritime and OSHA training space, as it relates to marketing efforts. (Wallace Decl., ¶ 4.)  Mr. Phillips is familiar with Ms. Duarte's work with Metropolitan and is familiar with individuals and companies that work in the maritime and training community, and the authorized marketing efforts used in the training courses.  (Phillips Decl., ¶ 4-5.)  Ms. Meza has knowledge of Metropolitan's clients, trainings offered, marketing and training materials. (Meza Decl., ¶ 5.)

Plaintiff brings claims of misappropriation of Plaintiff's trade secrets like occupational training customer lists, occupational training marketing contacts, and training methods. (Complaint ¶ 33, 35, 36, 43, 44). Plaintiff also includes allegations about Defendant's improperly competing through advertising training programs.  (*Id.* at ¶ 44.)  Facts and third-party testimony regarding Metropolitan's work and the industry standards for marketing and advertising <u>apply directly</u> to Illustra and Ms. Duarte's defenses in this action.

In fact, the majority of Defendants' witnesses are third parties, all of whom would be extremely inconvenienced by having to travel to Virginia to testify in this matter and would cause financial hardship.  (Wallace Decl., ¶ 5; Phillips Decl., ¶ 6, Meza Decl., ¶ 6.)  Defendants will suffer sever prejudice from the inability to present testimony supporting its defenses based on this improper and inconvenient venue.

    3. <u>The Majority of Parties Reside in California</u>

California is the more convenient forum because five of the Defendants are located in California. "Of course, seldom is any forum absolutely ideal for all parties, so the issue becomes one of weighing the conflicting interests and equities of the parties." (*Morton-Norwich Prods. v. J. L. Prescott Co.*, 1981 U.S. Dist. LEXIS 17828, *7 (D.S.C. Oct. 3, 1981).)  In weighing the equities of the parties, the facts considered by the court include "(1) the contact or lack of contact which the parties have with alternate forums; (2) the location of parties and employees of parties

who will be examined before trial or called as witnesses; and (3) the location of documents which must be used or produced by the parties before or at trial." (*Id.*)

Here, the equities lie in favor of transferring venue to the Southern District of California because *four of the individual Defendants and the only entity Defendant* reside in Southern California. This far outweighs the fact that Plaintiff has an office in Virginia. Plaintiff also has an office located in San Diego and Plaintiff's principals spent a significant amount of time in San Diego during the relevant time period. (Duarte Decl., ¶ 3.) Because of that, it is not inconvenient or burdensome for Plaintiff and its principals to travel to San Diego. Clearly, Sothern California is the more convenient forum.

    4.   <u>The Interests of Justice Favor Transfer of Venue to California</u>

The "interest of justice category is designedly broad." (*Bd. of Trustees*, *supra*, 702 F. Supp. at 1260.) It is meant to encompass all those factors bearing on transfer that are unrelated to the other three factors. (*Id.*) Such factors include "the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties, and the possibility of harassment." (*GTE Wireless, Inc.*, 71 F. Supp. 2d at 519.)

Here, the interests of justice favor transferring venue to the Southern District of California. The courts in California, and not Virginia, have significant interest in a dispute involving mostly California residents, stemming from their employment in California and their subsequent conduct alleged to occur in California. Further, Plaintiff's choice of venue in Virginia for a claim with such little connection to Virginia was clearly designed to harass the Defendants with an inconvenient forum. Plaintiff is a large corporation with offices in three different states, including one in California *where the claims allegedly arose*. Defendants, on the other hand, are individuals with far fewer resources than Plaintiff. This power imbalance between Plaintiff and the individual Defendants weighs in favor of transferring venue to California.

## IV.    CONCLUSION

Based on the foregoing, for the convenience of the parties and witnesses, and in the interest of justice, Defendants respectfully request this action be transferred to the proper venue in the Southern District of California.

DATED this 3rd day of March 2022.

Respectfully submitted,

/s/_____
Broderick C. Dunn (VA Bar No. 74847)
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
Phone: 703-865-7480
Fax:    703-434-3510
Email: bdunn@cookcraig.com


/s/_____
Sam Sherman, (PHV Application Pending)
TencerSherman LLP
12520 High Bluff Drive, Suite 230
San Diego, CA 92130
Phone: 858-408-6902
Fax:    858-754-1260
Email: sam@tencersherman.com

*Counsel for Patricia Martinez Duarte and Illustra Services, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on this 3rd Day of March 2022, a copy of the foregoing has been e-filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel and parties of record.

/s/
Broderick C. Dunn (VA Bar No. 74847)
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
Phone: 703-865-7480
Fax:    703-434-3510
Email: bdunn@cookcraig.com

*Counsel for Patricia Martinez Duarte and Illustra Services, LLC*