IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

METROPOLITAN SOLUTIONS GROUP, INC.,

        Plaintiff,

v.                                          Case No. 4:21-cv-00099-RCY-DEM

VIVIAN DAMARIS RODRIGUEZ, *ET AL.*,

        Defendants.

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
TO STRIKE DEFENDANT VIVIAN RODRIGUEZ'S
ANSWER AND AFFIRMATIVE DEFENSES AND
LETTER IN OPPOSITION TO DEFAULT, OPPOSITION TO DEFAULT JUDGMENT**

      COMES NOW, the Plaintiff, Metropolitan Solutions Group, Inc., by undersigned counsel, and for this, its Memorandum of Law in Support of their Motion To Strike the Answer and Affirmative Defenses [ECF 55] and Letter In Opposition to Default, Opposition to Default Judgment [ECF 56] filed in this cause by the Defendant, Vivian Rodriguez.

      In support hereof, states as follows.

**I.      Background Of The Case.**

      The Plaintiff, Metropolitan Solutions Group, Inc., ("Metropolitan") is engaged in the business of providing specialized occupational training to actual and prospective employees of business entities which need to comply with OSHA and related occupational regulations, laboratory testing, environmental engineering, and occupational health training procedures. Complaint [ECF 1], ¶ 13.

      For over a decade, Metropolitan has developed and acquired valuable proprietary information including customer lists, occupational training methods, business methods and

procedures, intellectual property, trade secrets, unique procedures, business models, customer and marketing contacts and procedures, and other confidential information (all of which is hereinafter collectively referred to as "trade secrets"). *Id.*, ¶15. To protect its trade secrets, Metropolitan required its employees and many of its vendors to execute non-disclosure agreement and/or employment agreements containing non-compete provisions and provisions prohibiting the disclosure of trade secrets. *Id.*, ¶16.

Individually and together, all Defendants, including but not limited to Vivian Rodriguez, are alleged to have violated the Virginia Business Conspiracy Act (Count One), Conversion (Count Four), Conspiracy as at Common Law (Count Five), the Virginia Trade Secrets Act (Count Six), the California Trade Secrets Act (Count Seven), Tortious Interference with Contracts (Count Twelve). Defendant Rodriguez is additionally alleged to have breached her Non-Disclosure Agreement and her fiduciary duties to Metropolitan (Counts Two, Three).

Defendant Vivian Rodriguez, and by and through an attorney, Eric Menhart, waived service of process on September 17, 2021. [ECF 15]. Ms. Rodriguez entered into settlement negotiations with the Plaintiff which proved to be unproductive, but filed no Answer or other responsive pleadings, nor sought leave of this Court to permit an extension of time to permit a late filing.

The Plaintiff Metropolitan filed its Motion for Entry of Default with this court on January 12, 2022. [ECF 48]. The following day, January 13, 2022, the Clerk entered default against. [ECF 50]. Now, almost two months later, on March 3, 2022 seeks to file an Answer and Affirmative Defenses, [ECF 55], accompanied by a letter to the Court opposing the entry of default. [ECF 56].

To date, Defendant Rodriguez has made no attempt to seek leave from this court to file late pleadings or to establish good cause for doing so. E.D.Va. Local Civil Rule 7(I). Additionally, while she purports to proceed *pro se*, it is readily apparent that Defendant Rodriguez has sought and obtained the legal assistance of an attorney[1], who has drafted the Answer and affirmative defenses which she purports to file as a *pro se* litigant in violation of Local Civil Rule 83.1(M). Respectfully, the Court should strike Ms. Rodriguez's Answer and Affirmative Defenses [ECF 55], and her Letter In Opposition To Default, Opposition To Default Judgment [ECF 56].

## II. Defendant Rodriguez Waived Service Of Process, Did Not File A Timely Response, Was Found To Be In Default, and Now Seeks To File A Late Response Without Seeking Leave From The Court Without Good Cause To Do So

Rule 4(d)(3) of the Federal Rules of Civil Procedure provides in relevant part "[a] defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent…" Local Civil Rule 7(I) provides that "requests for an extension of time relating to motions must be in writing and, in general, will be looked upon with disfavor." The Court may give extensions for filing for "good cause on motion made after the time has expired if the party failed to act because of excusable neglect." Fed.R.Civ.P. 6(b)(1)(B).

Since the deadline for Ms. Rodriguez's responsive filings has long passed, Rule 6(b)(1)(B) governs. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 896–97, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)(explaining that "any postdeadline extension must be 'upon motion made,' and is permissible only where the failure to meet the deadline 'was the result of

---

[1] *See*, Letter From Vivian Rodriguez, Opposition To Default, Opposition to Default Judgment [ECF 56], at 2.

excusable neglect'" and "[a]fter the time for filing has expired . . . the court . . . may extend the time only 'upon motion.'"). *Pinpoint IT Services, L.L.C. v. Atlas IT Export Corporation*, 812 F.Supp.2d 710 (E.D. Va. 2011)(Davis, C.J.)(granting the Plaintiff's Motion to Strike when the Defendant filed its opposition memorandum after the deadline and without leave of the Court).

"The court may set aside an entry of default for good cause." Fed.R.Civ.P. 55(c). "The disposition of motions made under Rule 55(c) . . . is a matter which lies largely within the discretion of the trial judge." *Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Corporation*, 383 F.2d 249, 251 (4th Cir.1967). In considering whether "good cause" exists to set aside default judgment under Rule 55(c), a court should consider "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006).

These criteria must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir.1987). In an unpublished decision, the Fourth Circuit has also noted that "the extreme sanction of judgment by default is reserved for only cases where the party's noncompliance represents bad faith or a complete disregard for the mandates of procedure and the authority of the trial court." *Mobil Oil Co. de Venez. v. Parada Jimenez*, 989 F.2d 494, 1993 WL 61863, at *3 (4th Cir.1993) (unpublished table decision). The Fourth Circuit has also "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

### A. Defendant Rodriguez Fails To Establish Good Cause For Late Filing

In order to determine whether "good cause" exists to set aside default judgment against Defendant, the Court will consider the "good cause" factors while liberally construing them in Defendant's favor. *Lolatchy*, 816 F.2d at 954. The Court "has discretion to determine whether a proffered defense or counterclaim is meritorious." *Bank of Southside Virginia v. Host & Cook, L.L.C.*, 239 F.R.D. 441, 445 (E.D.Va.2007) (citing *Trueblood v. Grayson Shops of Tennessee, Inc.*, 32 F.R.D. 190, 196 (E.D.Va.1963)).

In order for a defense to be meritorious, the proffer of evidence must only be one "which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corporation*, 843 F.2d 808, 812 (4th Cir. 1988) (citations omitted). The burden for proffering a meritorious defense is not onerous, but the defenses must "allege [ ] specific facts beyond simple denials or conclusionary statements." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)(citations omitted).

Consideration of Defendant's potential meritorious defenses is vital to the analysis because the absence of meritorious defenses makes relief from default pointless. *Colleton Preparatory Academy, supra, citing Indigo America, Inc. v. Big Impressions, LLC*, 597 F.3d 1, 4 (1st Cir. 2010)("Where no meritorious defense exists, it makes little sense to set aside the entry of default, as doing so would merely delay the inevitable"); See also, *Pinpoint IT Services, LLC, supra*, citing 10 James Wm. Moore et al., *Moore's Federal Practice* ¶ 55.70 (3d ed. 2011).

Here, Defendant Rodriguez's effort to file a late Answer and affirmative defenses must fail for a number of reasons. First, notwithstanding the clear assistance of counsel, she nevertheless fails to seek or obtain leave of this Court to file late responses. See*, inter alia,*

*Pinpoint IT Services, LLC, supra.* Second, in exercising its discretion to set aside default, *Consolidated Masonry & Fireproofing, Inc., supra,* this Court must determine whether there is "good cause" to do so, which necessarily includes consideration *inter alia* of whether Ms. Rodriguez has demonstrated "good cause", whether she has acted with "reasonable promptness", whether she bears personal "responsibility for the default" *Payne ex rel. Estate of Calzada v. Brake*, *supra*, 439 F.3d at 204–05, and whether she establishes "excusable neglect."

### B. Defendant Rodriguez Does Not Establish Excusable Neglect.

Where a party seeks an extension of time after the Rule 6(b) deadline for filing has passed, courts must find excusable neglect before granting the motion. *Bredell v. Kempthorne*, 290 Fed.Appx. 564, 565 (4th Cir.2008) (quoting Fed.R.Civ.P. 6(b)); *Tucker v. Chrysler Credit Corporation*, 149 F.3d 1170, 1998 WL 276266, at *2–3 (4th Cir.1998) (unpublished). This standard is a very high bar, applicable to only the extraordinary cases where injustice would otherwise result. *Bredell*, 290 Fed.Appx. at 565 (quoting *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir.1996)).

As Judge Lee observed in *Smith v. Look Cycle USA*, 933 F.Supp.2d 787 (E.D.Va. 2013)(striking untimely-filed pleadings), "Excusable neglect" applies to "instances of mere 'inadvertence, mistake, or carelessness.'" *Symbionics Inc. v. Ortlieb*, 432 Fed.Appx. 216, 220 (4th Cir.2011) (quoting *Pioneer Investment Services Co. v. Brunswick Associated Limited Partnership*, 507 U.S. 380, 391–92, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). The Fourth Circuit has identified that excusable neglect is "not easily demonstrated" and applicable "only in the 'extraordinary cases where injustice would otherwise result.'" *Id*. (quoting *Thompson, supra)*. Relevant circumstances for determining excusable neglect are the danger of prejudice, length of delay and potential impact, the reason for the delay, whether the delay was within the reasonable

control of the movant, and whether the movant acted in good faith. *Thompson*, 76 F.3d at 533 (quoting *Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489). The most important of these factors is the reason for failure to timely file. T*hompson*, 76 F.3d at 534.

Defendant Rodriguez offers no excuse for her late filing except, perhaps, that she was engaged in settlement negotiations. See, Letter [ECF 56]. Even as a *pro se* litigant[2], simply ignoring the clearly established deadlines for responding does not constitute "excusable neglect." Recognizing that default is a disfavored remedy, and believing at that time that Ms. Rodriguez was genuinely proceeding *pro se*, Plaintiff delayed seeking default so as to allow Ms. Rodriguez substantial additional time to seek leave to file a late Answer and to do so.

Finally, on January 12, 2022 - - *three months* after her Answer was due - - Plaintiff sought entry of default, [ECF 48], which the Court granted the following day. [ECF 50]. On March 3, 2022, nearly *two months* after entry of default and *five months* after responsive pleadings were initially due to have been filed, Defendant Rodriguez sought to file her Answer and affirmative defenses. [ECF 55]. These delays hardly exemplify "reasonable promptness" or "excusable neglect." *Payne ex rel. Estate of Calzada, supra; Smith v. Look Cycle USA*, *supra*.

### C. Defendant Rodriguez Fails To Offer A Meritorious Defense.

Moreover, review of the putative Answer and Affirmative Defenses which Ms. Rodriguez seeks to file The Court can hardly be seen as "meritorious", *Bank of Southside Virginia v. Host & Cook, LLC*, *supra,* given that her putative Answer patently fails to "allege

---

[2]Although she purports to act *pro se* in this matter, Ms. Rodriguez waived service *by counsel* on September 22, 20212. [ECF 15]. Presumably, counsel advised her of the deadlines established under the relevant rules for response. Until her filings on March 3, 2022 [ECF 55, 56], neither Ms. Rodriguez nor her attorney has filed any response or otherwise participated in this litigation.

specific facts beyond simple denials or conclusionary statements." *United States v. $55,518.05 in U.S. Currency*, *supra*. Any plain reading of Ms. Rodriguez's Answer - - which was plainly drafted by counsel - - reflects that it offers literally nothing beyond "simple denials and conclusionary statements," *Id*., and thus is devoid of any requisite proffer of evidence which could permit the Court to find for her or to establish a valid counterclaim. *Augusta Fiberglass Coatings, Inc., supra.*

> D. **Defendant Rodriguez Has Not Sought Leave Of Court To Permit Late Filings.**

Finally, and critically, Defendant Rodriguez seeks to file her late Answer without having sought leave of this Court to do so. *Pinpoint IT Services, LLC, supra.* Given that Ms. Rodriguez's admission that she was assisted by counsel in preparing her Answer, [ECF 56], this omission is all the more fatal to her effort to file a late Answer now. Plainly, neither Ms. Rodriguez or her attorney ghostwriter can meaningfully argue that she lacks personal responsibility for this complete disregard of the rules or deadlines imposed for response[3]. F.R.Civ.P. 6(b)(1)(B); Local Civil Rule 7(I).

> E. **Defendant Rodriguez Offers No Basis To Permit Late Filing.**

In no sense can Ms. Rodriguez establish "excusable neglect" that she has "good cause" to file her Answer now. She has not acted with reasonable promptness; she cannot reasonably

---

[3]Ms. Rodriguez's late Answer is accompanied by a "Letter" opposing default. [ECF 56]. In this correspondence, she appears to argue that her delay in responding was caused by her efforts to settle this matter with the Plaintiff. Evidence of settlement efforts is patently inadmissible. F.R.Evid. 408(a). Even assuming that this "Letter" constitutes a motion for leave to file a late Answer, the Court must strike and disregard it given that it impermissibly references settlement negotiations between the parties. See *Staton v. Dollar Tree, Inc.*, 2006 U.S.Dist. LEXIS 131383*, 2008 WL 11383389, Case No. 2:08cv350 (December 11, 2008)(Friedman, J.), citing *Renaissance Greeting Cards, Inc. v. Dollar Tree Stores, Inc.*, 227 Fed.Appx. 239, 247-48 (4th Cir. 2007) (Unpublished).

blame the Plaintiff for her delays; she does not argue any basis for excusable neglect; she offers nothing more than rote denials to the allegations set forth in the Complaint and proffers no evidence by which the Court could ascertain whether she has a meritorious defense; she has completely ignored both federal and local rules for proceeding in the process; and while purporting to proceed *pro se*, she now admits she has had legal counsel all along. These deficiencies amount to nothing more than bad faith and a complete disregard for the mandates of procedure and the authority of the trial court. *Mobil Oil Co. de Venez, supra.*

In sum, while this Court maintains the discretion to permit a late filing, *Consolidated Masonry & Fireproofing, Inc*, *supra*, and is liberally enjoined to do so, *Lolatchy*, *supra*, there is no ground to be found here which serves as the basis to do so. *Pinpoint IT Services, LLC*, *supra*; Fed.R.Civ.P. 6(b)(1). Accordingly, on the bases of the foregoing, the Plaintiff respectfully moves that the Court will strike the Answer and Affirmative Defenses of the Defendant, Vivian Rodriguez.

### III. Defendant Rodriguez Is In Violation Of Local Rule 83.1(M), Which Prohibits Ghostwriting Of Pleadings

Defendant Rodriguez's putative Answer and Affirmative Defenses was obviously written by counsel having at least some familiarity with federal pleading form. Nevertheless, Ms. Rodriguez signs her Answer in her own name purporting to proceed *pro se*, omitting the certification required by this Court under Local Rule 83.1(M), Ghostwriting.

Rule 11(b) of the Federal Rules of Civil Procedure require, "Representations To The Court", provide that pleadings presented to the court must be signed by "an attorney or unrepresented party." Local Rule 83.1(M), "Ghostwriting", specifically requires the following:

> (1) Any attorney who prepares any document that is to be filed in this Court by a person who is known by the attorney, or who is

> reasonably expected by the attorney, to be proceeding pro se, shall be considered to have entered an appearance in the proceeding in which such document is filed and shall be subject to all rules that govern attorneys who have formally appeared in the proceeding.
>
> (2) All litigants who are proceeding pro se shall certify in writing and under penalty of perjury that a document(s) filed with the Court has not been prepared by, or with the aid of, an attorney or shall identify any attorney who has prepared, or assisted in preparing, the document.

The Local Rule further requires that individuals proceeding *pro se* conclude their filings with a certification offered under penalty of perjury that they have not been otherwise assisted by an attorney in preparing the document.

Here, while Ms. Rodriguez purports to proceed *pro se*, she neither certifies that she had received no assistance from an attorney, nor does she identify the attorney(s) who assisted her in drafting the Answer and Affirmative Defenses she files in this cause [ECF 55], or in her Letter in Opposition To Default [ECF 56]. In her Letter in Opposition [ECF 56], Ms. Rodriguez hints at the source of the assistance she received in preparing these documents:

> My Current Lawyer's Limited Assistance
>
> The attorney I am working with for purposes of settlement is Eric Menhart, Esq., and Lexero Law. He is an attorney admitted in this court, but he has explained that his firm cannot formally represent me or Irma [Defendant Rojas de Romero] because of the complexities in this matter and my limited financial resources.

*Id.*, at 2.

In *Laremont-Lopez v. Southeastern Tidewater Opportunity Center*, 968 F.Supp. 1075 (E.D.Va. 1997), Judge Morgan of this Court was confronted with a similar circumstance, and issued an order *sua sponte* requiring the attorneys who assisted in ghostwriting pleadings for a *pro se* litigant to identify themselves and to show cause why they should not be held in contempt

of court under Rule 11 of the Federal Rules of Civil Procedure.  Upon a full hearing in that matter, the Court found that ". . . the practices described herein are in violation of its Rules and will not be tolerated in this Court."  See similarly, *Davis v. Back*, 2010 U.S.Dist.LEXIS 42030*, 2010 WL 1779982 (2010)("[t]his Court considers it improper for lawyers to draft or assist in drafting complaints or other documents submitted to the Court on behalf of litigants designated as pro se, and the practice of ghostwriting documents will not be tolerated in this Court" [internal quotations omitted]); *Stewart v. Angelone*, 186 F.R.D. 342, 1999 U.S.Dist.LEXIS 6616* (1999)(the Court ordered ghostwriting counsel to be identified).

In this matter, the Plaintiff invites the Court to consider whether, consistently with *Laremont-Lopez, supra, Davis v. Beck, supra, and Stewart v. Angelone, supra*, it would be appropriate *sua sponte* to Order Defendant Rodriguez to identify her ghostwriting legal counsel, and thereafter to require such counsel to show cause why he or she should not be subject to sanction by this Court.

WHEREFORE, on the bases of the foregoing, Plaintiff Metropolitan Solutions Group, Inc., respectfully moves that the Court strike the Answer and Affirmative Defenses and the Letter In Opposition to Default and Opposition to Default Judgment offered in this cause by Defendant Vivian Rodriguez, that the Court will consider ordering Defendant Rodriguez to identify such attorney(s) as assisted her in ghostwriting these pleadings and thereby to determine why such counsel should not be subject to sanction, and that the Court will grant the Plaintiff such additional relief as may be warranted under the circumstances of this cause.

March 9, 2022.

**METROPOLITAN SOLUTIONS GROUP, INC.**

**By:**  / S /

**Of Counsel**

Stephen E. Heretick, Esq.
Virginia Bar No. 29919
STEPHEN E. HERETICK, P.C.
715 Loudoun Avenue
Portsmouth, Virginia 23707
(757) 397-9923
(757) 397-9925 (fax)
Steve@Hereticklaw.com
*Counsel for the Plaintiff, Metropolitan Solutions Group, Inc.*

CERTIFICATE OF SERVICE

     I certify that a true and correct copy of the foregoing, Plaintiff Metropolitan Solutions Group, Inc.'s Memorandum of Law In Support Of Its Motion To Strike the Answer and Affirmative Defenses and Letter in Opposition to Default and Opposition to Default Judgment offered by the Defendant Vivian Rodriguez was served this Ninth (9th) day of March, 2022, to all counsel of record by and through the Electronic Case Filing (ECF) system of the United States District Court for the Eastern District of Virginia, and to all parties proceeding pro se by the United States Mail, postage prepaid.

                                                                        By:_____/ S /_____
                                                                                   Of Counsel