IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| METROPOLITAN SOLUTIONS GROUP, INC., <br>     Plaintiff, <br><br> v. <br><br> VIVIAN DAMARIS RODRIGUEZ, *et al.*, <br>     Defendants. | Civil Action No. 4:21CV99 (RCY) |

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff's Response to the Order to Show Cause (ECF Nos. 76, 77). For the reasons stated below, Plaintiff has failed to show cause why this action should not be dismissed for lack of subject matter jurisdiction, and the Court will dismiss this action for lack of subject matter jurisdiction.

### I. FACTUAL ALLEGATIONS

Metropolitan Solutions Group, Inc. ("Plaintiff") provides specialized occupational training to assist clients in complying with Occupational Safety and Health Administration regulations. (Compl. ¶ 13, ECF No. 1.) Over the course of its business, Plaintiff has developed proprietary information, such as customer lists, training methods, business procedures, and other property that it considers to be confidential trade secrets. (*Id.* ¶ 15.) To protect its trade secrets, Plaintiff requires employees to sign nondisclosure agreements and employee agreements with noncompete provisions. (*Id.* ¶ 16.)

Plaintiff previously employed Defendants Vivian Rodriguez, Irma Rojas de Romero, Patricia Duarte, Nicholas Flores, and Nicholas Holladay (collectively the "Individual Defendants"). (*Id.* ¶¶ 18-25.) Plaintiff alleges that Defendant Duarte initiated a conspiracy among the Individual Defendants to obtain and use Plaintiff's trade secrets to establish and operate a new

business entity, Illustra Services, in direct competition with Plaintiff. (*Id.* ¶ 30.) Plaintiff alleges that Defendants established Illustra Services LLCs in both Virginia and California (collectively the "Business Defendants") to carry out this scheme. (*Id.* ¶¶ 30, 41.)

Plaintiff alleges that the Individual Defendants received compensation that they were not entitled to while working simultaneously for Plaintiff and the Business Defendants, violated fiduciary duties owed to Plaintiff, and misappropriated Plaintiff's trade secrets. (*Id.* ¶¶ 48-49.)

## II. PROCEDURAL HISTORY

Plaintiff filed a Complaint on August 6, 2021. (ECF No. 1.) Defendants Illustra Services LLC (CA) and Duarte filed an Answer on September 9, 2021. (ECF No. 3.) Defendant Flores filed a Motion to Dismiss for Lack of Personal Jurisdiction on October 19, 2021. (ECF No. 29.) Defendant Holladay filed a Motion to Dismiss for Lack of Personal Jurisdiction on November 10, 2021. (ECF No. 42.) Plaintiff filed a Motion for Default Judgment as to Defendants Rodriguez, Rojas de Romero, and Illustra Services, LLC (VA), on February 16, 2022. (ECF No. 51). Defendants Rodriguez and Rojas de Romero filed Responses to the Motion for Default Judgment on March 3, 2022, and March 9, 2022, respectively. (ECF Nos. 56, 58.) A Motion to Transfer Venue was filed by Defendants Illustra Services LLC (CA) and Duarte on March 3, 2022. (ECF No. 54.) A Response and a Reply to the Motion to Transfer were also filed. (ECF Nos. 62, 67.) Defendant Holladay filed an Answer on April 1, 2022. (ECF No. 73.)

On April 26, 2022, the Court ordered Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. (ECF No. 76.) Plaintiff filed a Response on May 3, 2022. (ECF No. 77.) Defendant Holladay also filed a Response on May 16, 2022. (ECF No. 78.)

## III. LEGAL STANDARD

Federal courts are courts of limited subject matter jurisdiction. *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation . . . ."). Section 1332(a)(l) establishes federal jurisdiction where (1) the parties are completely diverse; and (2) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Complete diversity among parties means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The burden of establishing federal jurisdiction rests with the party asserting its existence. *Spencer v. Kemna*, 523 U.S. 1, 11 (1998); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). "[W]hen a district court lacks subject matter jurisdiction over an action, the action must be dismissed." *Jadhav*, 555 F.3d at 347 (citing Arbaugh, 546 U.S. at 506-07)).

## IV. DISCUSSION

Given that Defendant Rodriquez is a citizen of Virginia and that the remaining Individual Defendants are citizens of California, Plaintiff must be a citizen of a different state for diversity purposes. The Supreme Court has held that the citizenship of a corporation is determined by the place of incorporation and where it has its principal place of business. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). Plaintiff is incorporated in Nevada. (Compl. ¶ 1.) Thus,

for subject matter jurisdiction to exist, Plaintiff's principal place of business must be in a state other than California or Virginia.

The Supreme Court has held that the definitive test for a corporation's principal place of business is the "nerve center test." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). The Court describes a corporation's nerve center as "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* Typically, it is the corporation's headquarters. *Id.* at 93. In *Hertz*, the Supreme Court repeatedly emphasized that the principal place of business is singular. *Id.* at 94-95. Even "in this era of telecommuting [and] . . . communicating all over the internet," the test is intended to point to a single location. *See id.* at 95-96.

The Fourth Circuit has addressed the nerve center test only twice in the wake of *Hertz*. In both *Central West Virginia Energy Co. v. Mountain State Carbon, LLC* and *Hoschar v. Appalachian Power Co.*, the Fourth Circuit held that the location where corporate officers make significant decisions and set corporate policies is more significant in the nerve center test than the location of day-to-day activities. *Central West Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 106 (4th Cir. 2011); *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 171-74 (4th Cir. 2014).

It is clear that Plaintiff's principal place of business is Virginia. Plaintiff claims that it is wholly owned by David Spinazzolo ("Spinazzolo"). (Resp. at 2, ECF No. 77.) Plaintiff argues that "[a]s the sole owner of the Plaintiff's business and chief executive officer of its operations, Spinazzolo himself is therefore the mobile personification of the Plaintiff's 'principal place of business.'" (*Id.* at 3.) The argument is essentially that a "bricks-and-mortar" approach is ill-suited to today's business environment where business may be conducted virtually from any location. (*Id.*) As such, this argument contends that Plaintiff's principal place of business is wherever Spinazzolo happens to be at a given moment. (*Id.*)

4

The Supreme Court has clearly stated that a nerve center "is a single place." 559 U.S. at 79. The Court went so far as to note that "[t]he statute's word 'place' is singular, not plural. Its word 'principal' requires that the main, prominent, or most important place be chosen." *Id.* Thus, there can only be one place that serves as Plaintiff's principal place of business for the purposes of jurisdiction. It cannot be a person who moves from place to place.

While the majority of Spinazzolo's time may not be spent in any one state, a plurality of his time is spent in Virginia. Plaintiff stated, "Mr. Spinazzolo does not spend a preponderant amount of time at any location, although he generally spends more time at his Virginia office than the others." (Resp. at 2.) Plaintiff refers to Virginia as "a central location to the conduct of the Plaintiff's affairs and the repository of corporate records by virtue of Spinazzolo's frequent presence there . . . ." (*Id.* at 3.) Spinazzolo even refers to Portsmouth, Virginia as "[Plaintiff's] principal place of business."[1] (Spinazzolo Decl. ¶ 3, ECF No. 62-1.) Spinazzolo estimates that he spends "at least half or more of [his] time in [Plaintiff's] *principal offices in Virginia*" while he spends roughly a third of his time in California and less than a third in Washington. (*Id.* ¶ 6.) Additionally, most of the executive staff work in the Virginia offices. (*Id.* ¶ 7.)

Based on these facts, it is clear that Plaintiff's singular, principal place of business is in Virginia. Given that Defendant Rodriquez is a citizen of Virginia, this action lacks complete diversity. As such, the Court does not have subject matter jurisdiction over this action.

---

[1] Spinazzolo refers to Virginia as Plaintiff's "principal place of business" three separate times in his declaration. (Spinazzolo Decl. at ¶¶ 3, 8-9.) Plaintiff notes that "Spinazzolo's use of the term 'principal place of business' in his declaration was not intended to reflect a legal term of art as contemplated for diversity analysis. (Resp. at 3 n.1.) The Court does not rely on Spinazzolo's terminology, but instead relies on the content of his statements.

## V. CONCLUSION

For the reasons detailed above, the Court will dismiss this action for lack of subject matter jurisdiction.

An appropriate Order shall issue.

/s/<br>
Roderick C. Young<br>
United States District Judge

Richmond, Virginia
Date: May 20, 2022